[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the instant action, this court is required to construe the judgment rendered in Sheila Velsmid, et al, v. Jeanne Nelson, docket No. 20717, decided April 6, 1979.
After a full hearing duly held, all parties present and represented by counsel, the court, by a preponderance of the credible, relevant and legally admissible evidence, finds, concludes and rules as follows.
The plaintiff is the owner of real property located in Westbrook, Connecticut. CT Page 9944
The defendants are owners of real property adjacent to the plaintiff along her eastern boundry [boundary] line.
As a result of the judgment, supra, docket No. 20717, the plaintiff, by adverse possession, obtained title to certain disputed land as shown on a survey map entitled "Land of Stephen A. Velsmid and Sheila J. Velsmid," dated December 31, 1970, and marked as plaintiffs, exhibit 1 in this case.
In a memorandum of decision, dated April 6, 1979, the trial court, Hennessey, J., expressly concluded, "The court concludes the defendant has sustained her burden of proof as to adverse possession and rules that the defendant has title to the disputed property."
Plaintiffs' exhibit 1, which was an exhibit in the 1979 action, indicates the area in question. The area is clearly marked and is labeled "Approximate boundries of land under dispute" and is designated in part by iron pins. It is the only area shown on the exhibit that is labeled a disputed area.
The defendant erected a fence that completely disregards the boundries of the disputed area as shown on said maps. The fence, as erected by the defendants unlawfully, encroaches upon the land of the plaintiff.
This court construes that 1979 judgment as granting title, the plaintiff, to that land consisting of approximately .08 acres, and designated on exhibit 1, "approximate boundries of land under dispute." The judgment applies to said land and the plaintiff is the owner of same.
Accordingly, on count one of the complaint, judgment may enter for the plaintiff, indicating she has title to that land consisting of .08 of an acre and is described on exhibit 1 as "approximate boundries of land under dispute."
Further, the defendants are ordered to remove that portion of the fence erected by them, which is located on the land found to be that of the plaintiff. Any costs related to the removal of the fence shall be borne by the defendants including any additional surveying costs.
The court finds that the plaintiff has not sustained the burden of proving her allegations in the second count of her CT Page 9945 complaint and enters judgment for the defendants on Count 2.
Further, the court finds that the fence in dispute was erected more than ten years prior to the filing of the instant complaint and that during that period the plaintiff took no legal action protesting same.
In balancing the equities, the court concludes that each party should be responsible for their own counsel fees.
Judgment may enter as indicated above, without cost assessed to either party.
SPALLONE STATE TRIAL REFEREE
Judgment enters in accordance with the foregoing Memorandum of Decision
Michael Kokoszka, Chief Clerk